IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NORMAN A MCCRARY,

    Plaintiff,

v.                                        CASE NO. 1:10-cv-00114-MP -AK

ADAMS, et al,

    Defendants.

_____/

## O R D E R

This matter is before the Court upon the filing of a complaint. (Doc. 1) and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 9).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Out of an abundance of caution, the Court will direct the Clerk to mail him another civil rights complaint that Plaintiff must complete in its entirety and grant Plaintiff an opportunity to state facts supporting the claims he alleges, but he is warned that if this case is dismissed it will be considered a strike under 28 U.S.C. §1915(g).[1]

Plaintiff is suing the Wardens at Florida State Prison (Polk and Singer); Ms. Adams, D. Worthington, and the Secretary of the DOC because his state court case was dismissed for his

---

[1] Under 28 U.S.C. § 1915(g), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

failure to submit paperwork necessary for that court to determine his request to proceed in forma pauperis. He does not mention any of the named defendants in the body of his complaint nor does he assert any specific claims against them. He does not identify the state court actions that were dismissed. The relief he seeks is for this Court to abolish the rules, red tape and politics regarding the filing of a complaint.

In order to state a claim that his right to access the courts was violated, Plaintiff must show lack of access to the courts actually impeded his efforts to pursue a non-frivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996).

In Lewis, the Court announced the following three-part test for determining whether a denial of access to the courts has, in fact, caused actual injury under the Constitution:

> 1. The action must involve an attack to the prisoner's sentence, directly or collaterally, or challenge the conditions of his confinement.
>
> 2. The prisoner must show the claim to which he was impeded was not frivolous.
>
> 3. The conduct complained of must have impeded the inmate's capability to file the non-frivolous action challenging his sentence or the conditions of his confinement.

*Id*. at 1281-83.

The legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998), *citing* Lewis, 518 U.S. at 352-57, 116 S. Ct. at 2181-82.

To prove "actual injury," a plaintiff must "demonstrate that the alleged [actions by Defendants] hindered his efforts to pursue a legal claim." Lewis, *supra* at 351. When a prisoner has not alleged, much less shown, an actual injury his claim must fail. Nichols v. Head, 2010 WL 1224091 (M.D. Ga.). See also Dorsey v. White, 2007 WL 2480517 (M.D. Ala.) (failure to

allege any specific facts showing prejudice to pending or contemplated appeal, habeas action or non-frivolous civil rights action does not establish requisite showing of actual prejudice); <u>Tucker v. Powell</u>, 2009 WL 3416465 (M.D. Ga.) (conclusory allegation of prejudice without more specific showing of negative impact on particular legal action does not state a claim).

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Clerk is directed to mail to Plaintiff a blank complaint form which he shall complete and return on or before August 27, 2010.
2. Failure to submit the Amended Complaint within the time set forth will result in the dismissal of this lawsuit.

**DONE AND ORDERED** this _17th_ day of August, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge