IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NORMAN A MCCRARY,

    Plaintiff,

v.                                        CASE NO. 1:10-cv-00114-MP -GRJ

WARDEN POLK, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff is suing the wardens at Florida State Prison (Defendants Polk and Singer); Ms. Adams, D. Worthington, and the Secretary of the DOC because his state court case was dismissed for his failure to submit paperwork necessary for that court to determine his request to proceed *in forma pauperis*. He does not assert any specific claims against the named defendants, but complains generally that his case was not heard and he seeks reimbursement of all the time and money he spent building his case.

    Plaintiff was warned previously after the Court reviewed his original complaint that he must provide more facts or his case would be dismissed, and that it would constitute a "strike" within the meaning of 28 U.S.C. §1915(g). (Doc. 10). Plaintiff has added nothing substantive to the original claims in his First Amended Complaint, and it is now recommended that it be dismissed for failure to state a claim for relief.

    As it was explained to Plaintiff previously, he must demonstrate that the alleged actions by the Defendants hindered his efforts to pursue a legal claim. Lewis v. Casey,

518 U.S. 343, 351 (1996). When a prisoner has not alleged, much less shown, an actual injury his claim must fail. Nichols v. Head, Case No. 5:10-CV-71(HL), 2010 WL 1224091 at *2 (M.D. Ga. March 22, 2010). See also Dorsey v. White, Case No. 2:05CV565-MHT, 2007 WL 2480517 at *5 (M.D. Ala. Aug. 27, 2007) (failure to allege any specific facts showing prejudice to pending or contemplated appeal, habeas action or non-frivolous civil rights action does not establish requisite showing of actual prejudice); Tucker v. Powell, Case No. 7:09-CV-67 (WLS), 2009 WL 3416465 at *2 (M.D. Ga. July 8, 2009) (conclusory allegation of prejudice without more specific showing of negative impact on particular legal action does not state a claim).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim for relief and that this dismissal be noted on the docket as a strike within the meaning of 28 U.S.C. §1915 (g).

At Gainesville, Florida, this 16th day of November 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**